United States District Court
Southern District of Texas
**ENTERED**
December 02, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEVON WILMINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3031 |
| | § | |
| BAY AREA UTILITIES, LLC, | § | |
| NATIONSTAR MORTGAGE, LLC, and | § | |
| LEB KEMP, SUBSTITUTE TRUSTEE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Devon Wilmington ("Plaintiff" or "Wilmington") has sued Bay Area Utilities, LLC ("Bay Area Utilities"), Nationstar Mortgage, LLC ("Nationstar"), and Leb Kemp, Substitute Trustee, reciting various causes of action relating to the foreclosure sale of her home in July of 2014.[1]  Pending before the court is defendant Nationstar Mortgage, LLC's Motion to Dismiss and Brief in Support ("Motion to Dismiss") (Docket Entry No. 16), to which Wilmington has filed an opposition (Docket Entry No. 19).[2]

---

[1] See First Amended Original Petition for Plaintiff's Petition to Remove Cloud and Quiet Title ("Amended Petition"), Exhibit B-4 to Defendant Nationstar Mortgage, LLC's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-2, pp. 27-35.

[2] See Devon Wilmington's Opposition to Nationstar Mortgage LLC's Motion to Dismiss and Brief in Support ("Opposition to Motion to Dismiss").

## I. **Factual and Procedural Background**

Wilmington executed a Deed of Trust granting a lien on her property on February 19, 2009, in exchange for a purchase money loan.[3] The Deed of Trust was later assigned to Nationstar by Mortgage Electronic Registration Systems, Inc.[4] Wilmington defaulted, and Nationstar noticed a foreclosure sale.[5] The sale was held on July 1, 2014, and Nationstar purchased the property.[6]

Wilmington filed a "Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim"

---

[3] See Deed of Trust, Exhibit F to Motion to Dismiss, Docket Entry No. 16-6; See also Special Warranty Deed with Vendor's Lien dated February 18, 2009, Exhibit A to Amended Petition, Exhibit B-4 to Notice of Removal, Docket Entry No. 1-2, p. 37. Nationstar attached seven exhibits to its Motion to Dismiss. Exhibits A through E are prior court filings. Nationstar requests the court take judicial notice of these matters of public record. The court will do so, as they may be considered in a motion to dismiss without converting it to a motion for summary judgment. See Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("[C]onsideration of the consent judgment [in deciding this 12(b)(6) motion] does not convert this motion into one for summary judgment")). The other exhibits are the Deed of Trust (Exhibit F to Motion to Dismiss, Docket Entry No. 16-6) and the Corporate Assignment of Deed of Trust (Exhibit G to Motion to Dismiss, Docket Entry No. 16-7), both recorded in the Official Public Records of Harris County, Texas, and properly the subject of consideration here. See also Fed. R. Evid. 201.

[4] See Corporate Assignment of Deed of Trust, Exhibit G to Motion to Dismiss, Docket Entry No. 16-7.

[5] See Notice of Trustee's Sale, Exhibit D to Amended Petition, Exhibit B-4 to Notice of Removal, Docket Entry No. 1-2, p. 52.

[6] See Substitute Trustee's Deed, Exhibit C to Amended Petition, id. at 46.

that was dismissed for want of prosecution.[7] Subsequently, Bay Area Utilities (which acquired the property from Nationstar[8]) obtained a judgment for eviction.[9] Wilmington filed for Chapter 13 bankruptcy before her appeal from the judgment of eviction went to trial.[10] The bankruptcy judge granted Bay Area Utilities's subsequent Motion for Relief from Stay on June 30, 2015, allowing Bay Area Utilities to continue with the eviction proceeding.[11]

Wilmington, pro se, initiated this case when she filed Plaintiff's Petition to Remove Cloud and Quiet Title in the District Court for the 133rd Judicial District of Harris County, Texas on August 14, 2015, against Bay Area Utilities.[12] She amended her petition on August 31, 2015, and added Nationstar Mortgage, LLC

---

[7]See Exhibit A to Motion to Dismiss, Docket Entry No. 16-1; Final Order, Exhibit B to Motion to Dismiss, Docket Entry No. 16-2.

[8]See Warranty Deed dated July 31, 2014, Exhibit B to Amended Petition, Exhibit B-4 to Notice of Removal, Docket Entry No. 1-2, pp. 41-45.

[9]See Motion of Bay Area Utilities, LLC's for Relief From the Stay, Exhibit C to Motion to Dismiss, Docket Entry No. 16-3, p. 6 ¶ 17; see also Memorandum Opinion in Case. No. 15-31207-H3-13, Exhibit E to Motion to Dismiss, Docket Entry No. 16-5, pp. 2-3.

[10]See Motion of Bay Area Utilities, LLC's for Relief From the Stay, Exhibit C to Motion to Dismiss, Docket Entry No. 16-3, p. 6 ¶ 18; see also Voluntary Petition for Bankruptcy, Exhibit D to Motion to Dismiss, Docket Entry No. 16-4.

[11]See Memorandum Opinion in Case. No. 15-31207-H3-13, Exhibit E to Motion to Dismiss, Docket Entry No. 16-5.

[12]See Exhibit B-2 to Notice of Removal, Docket Entry No. 1-2, pp. 6-13.

and Leb Kemp, Substitute Trustee, as defendants.[13] Nationstar filed a Notice of Removal, and the case was removed to this court on October 14, 2015.[14] Defendant Leb Kemp's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 3) was granted on November 9, 2015.[15] On that day, Nationstar filed its Motion to Dismiss (Docket Entry No. 16), which is now before the court.

## II. Standard of Review

Under Rule 8 of the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that

---

[13]See Amended Petition, Exhibit B-4 to Notice of Removal, Docket Entry No. 1-2, pp. 27-36.

[14]See Notice of Removal, Docket Entry No. 1.

[15]Order Granting Defendant Leb Kemp's Rule 12(b)(6) Motion to Dismiss, Docket Entry No. 15.

-4-

is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 127 S. Ct. at 1965). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 127 S. Ct. at 1966). When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010). However, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris, 500 F.3d at 461 n.9.

### III. Analysis

Wilmington's Amended Petition contains a number of claims. It seeks declaratory judgment that "a certain document and claim made

by the defendant" is invalid.[16] It asks the court to remove the cloud and quiet title to the property.[17] It argues that defendants have made "false claims"[18] and slandered Wilmington's title to the property.[19] It lists causes of action for fraud, intentional infliction of emotional distress, rescission, and violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") based "upon the facts and circumstances surrounding Plaintiff's original loan transaction and subsequent securitization".[20] Wilmington attached the following to her Amended Petition: (1) Special Warranty Deed With Vendor's Lien dated February 19, 2009;[21] (2) Warranty Deed dated July 31, 2014;[22] (3) Substitute Trustee's Deed dated July 15, 2014;[23] and (4) Notice of Trustee's Sale dated May 21, 2014.[24] See Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007) ("A written document that is attached to a complaint as an exhibit is considered part of the

---

[16] See Amended Petition, Exhibit B-4 to Notice of Removal, Docket Entry No. 1-2, pp. 27, 29

[17] See id.

[18] See id. at 30.

[19] See id. at 33.

[20] See id. at 29.

[21] Exhibit A to Amended Petition, Exhibit B-4 to Notice of Removal, Docket Entry No. 1-2, p. 37.

[22] Exhibit B to Amended Petition, id. at 41.

[23] Exhibit C to Amended Petition, id. at 46.

[24] Exhibit D to Amended Petition, id. at 52.

complaint and may be considered in a 12(b)(6) dismissal proceeding.").

Nationstar asserts that the "[Amended Petition] is premised on the notion that the foreclosure sale was wrongful because Nationstar is required to prove it owns and holds the original note in open court."[25] Nationstar quotes from the Amended Petition:[26]

> • Plaintiff hereby claims the powers, protections and benefits of the Statute of Frauds Annotated, especially where it speaks to the fact that in order to have standing to sue on a debt . . . the defendant or moving party must prove the existence of a debt which may only be established by submission of the "original contract," "original promissory note" or agreement in open court, on the record, as evidenced through the testimony of a competent fact witness with personal firsthand knowledge, under oath, and be subject to the test and "fire" of cross examination.[27]
>
> • Defendant or moving party must prove it is the Holder in Due Course . . . .[28]
>
> • Further, any party that asserts a claim upon Plaintiffs [sic] property must prove with specificity that Plaintiff received equal value, as consideration to the contract, by demonstrating, possession of the original unaltered promissory note . . . .[29]
>
> • [T]o streamline the securitization process, the investment banks created an entity called Mortgage Electronic Registrations System ("MERS") . . . [and]

---

[25] Motion to Dismiss, Docket Entry No. 16, pp. 3-4.

[26] Id. at 4.

[27] Amended Petition, Exhibit B-4 to Notice of Removal, Docket Entry No. 1-2, p. 28.

[28] Id.

[29] Id.

     would transfer deeds of trust to MERS, thereby separating the mortgage note from the deed of trust.[30]

- Plaintiff alleges that Defendants, and each of them, cannot show proper receipt, possession, transfer, negotiations, assignment, and ownership of the borrower's original Promissory Note and Deed of Trust . . . .[31]

Nationstar characterizes Wilmington's "underlying theories" as "show-me-the-note" and "split-the-note," which it argues fail as a matter of law, causing her claims to fail as well.[32]

In <u>Martins v. BAC Home Loans Servicing, L.P.</u>, 722 F.3d 249, 253 (5th Cir. 2013), the plaintiff argued that the defendant could not foreclose "because it was assigned only the mortgage, and not the note itself . . . the assignment split the note from the deed of trust and [the defendant] therefore had a meaningless piece of paper rather than a debt on which it could foreclose." That is the "split-the-note" theory. "Show-me-the note" argues that a party must produce the original note bearing a "wet ink signature" in order to foreclose. <u>Id.</u> The Fifth Circuit rejected both theories, finding that Texas courts have "rejected the argument that a note and its security are inseparable . . . ." <u>Id.</u> at 255. It also found no authority in Texas requiring production of the "original" note. <u>Id.</u> at 254 (citing <u>Blankenship v. Robins</u>, 899 S.W.2d 236,

---

[30]<u>Id.</u> at 32.

[31]<u>Id.</u>

[32]Motion to Dismiss, Docket Entry No. 16, pp. 4, 6-7.

238 (Tex. App.—Houston [14th Dist.] 1994, no writ)). Therefore, to the extent Wilmington's claims rely on these two theories, the Amended Petition fails to state claims upon which relief can be granted.

The Fifth Circuit has also rejected quiet title claims relying on challenges to assignments by MERS, like the assignment to Nationstar here. See Warren v. Bank of America, N.A., 566 F. App'x 379, 383 (5th Cir. 2014) ("Additionally, we have previously held that arguments that merely question the validity of an assignment of a deed of trust from MERS to another mortgage servicer are not a sufficient basis for a quiet title action under Texas law."). Therefore, Wilmington's quiet title claim cannot survive the motion to dismiss based solely on challenges to that assignment.

Nationstar also argues that Wilmington's related challenges to the securitization process have been "repeatedly rejected."[33] Wilmington's claims regarding this process are not entirely clear. The Amended Petition has no distinct statement of facts; three pages are devoted to a general description of the "securitization process."[34] Courts in the 5th Circuit have commonly dismissed claims based on challenges to the securitization process. See, e.g., Shaver v. Barret Daffin Frappier Turner & Engel, L.L.P., 593

---

[33]Id. at 7.

[34]Amended Petition, Exhibit B-4 to Notice of Removal, Docket Entry No. 1-2, pp. 30-32.

F. App'x 265, 270-71 (5th Cir. 2014) ("The Shavers have not stated a claim for fraud by nondisclosure because NCM did not have a duty to disclose any securitization . . . or other transaction related to the loan."); Gibbs v. Ocwen Loan Servicing, LLC, No 3:14-CV-1153-M, 2014 WL 4414809, at *4-5 (N.D. Tex. Sept. 5, 2014) ("Plaintiff's arguments that his mortgage was destroyed when it was packaged and sold as part of a collateralized mortgage-backed security, that there are flaws within the chain of title, and Plaintiffs similar allegations concerning the securitization of the mortgage are merely iterations of the "split-the-note" and "show-me-the-note" theories that have been rejected in this circuit."); Marban v. PNC Mortgage, No. 3:12-CV-3952-M, 2013 WL 3356285, at *10 (N.D. Tex. July 3, 2013) (listing cases rejecting claims based on a challenge to the securitization process). Wilmington's description of the securitization process, lacking any information about these defendants' conduct, is not sufficient to state a claim challenging the creation, assignment, or transfer of the security interest in her property.

Nationstar argues that Wilmington has also failed to state a claim as to fraud,[35] intentional infliction of emotional distress,

---

[35]Although the fraud pleading suffers from the same infirmities as the other claims, Fed. R. Civ. P. 9(b) provides a heightened pleading standard under which "a party must state with particularity the circumstances constituting fraud . . . ." See also Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003) ("Put simply, Rule 9(b) requires the who, what, (continued...)

TILA violations,[36] and RESPA violations because Wilmington has not pleaded any facts to support these causes of action.[37] The Amended Petition does not contain factual statements regarding Nationstar's conduct. For example, one paragraph — in the middle of the generic historical recitation — states: "When the Plaintiff, in this case closed on the property at issue, Plaintiff's original lender (or other entity claiming ownership of the note) signed a PSA that governed plaintiff's particular mortgage note. The PSA agreement, as described in more detail below, detailed the closing date by which the homeowner's loan must be 'sold' to the REMIC, and described exactly how the homeowner's note is to find its way from the original lender to the REMIC trust."[38] However, the following

---

[35](...continued)
when, where, and how to be laid out.") (quotations omitted). The Amended Petition falls short of this requirement.

[36]Nationstar also argues that Wilmington's claim for "rescission" under TILA is barred by the statute of limitations. See Motion to Dismiss, Docket Entry No. 16, p. 8. "[A] complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982); see also Simmons v. Local 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO, No. 3:09-CV-1181-B, 2010 WL 2473840, at *4 (N.D. Tex. June 16, 2010). Because the Amended Petition does not contain facts that give rise to a plausible claim for a violation of TILA, the court need not address this argument.

[37]Motion to Dismiss, Docket Entry No. 16, pp. 8-10.

[38]Amended Petition, Exhibit B-4 to Notice of Removal, Docket Entry No. 1-2, p. 31.

paragraphs do not provide any details about the transactions in this case.[39]

Another paragraph states:

The Warranty Deed AND SUBSTITUTE TRUSTEE DEED, under which the defendants asserts and interest that interferes with the plaintiff's title, although appearing valid on its face, is in fact invalid and of no force or effect. The plaintiff will show that BAY AREA UTILITIES, NATIONSTAR MORTGAGE LLC, LEB KEMP, SUBSTITUTE TRUSTEE had no title or interest in the property described and had no authority, actual or apparent, to encumber the plaintiff's property."[40]

However, no facts are provided to support these allegations. Elsewhere, the Amended Petition makes conclusory statements like "The defendants have been making false claims, contrary to the record, contrary to the statues [sic] regarding real estate and foreclosures and have denied Plaintiff's due process."[41]

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not suffice. Likewise, a complaint that articulates 'naked assertions devoid of further factual enhancement' is similarly insufficient to satisfy the pleading requirements of Rule 8." Greater Houston Transp. Co. v. Uber Technolgies, Inc., No. 4:14-0941, 2015 WL 1034254, at *4 (S.D. Tex. March 10, 2015) (citing Twombly and Iqbal). Considering the Amended Petition in its entirety, Wilmington has failed to

---

[39]See id. at 32.

[40]Id. at 30.

[41]See id.

allege sufficient factual matter that, when accepted as true, states any claim for relief that is plausible on its face. See Iqbal, 129 S. Ct. at 1949 (citing Twombly, 127 S. Ct. at 1973-74).[42]

The Texas Declaratory Judgment Act is remedial in nature. See Cheaton v. JPMorgan Chase Bank, Nat. Ass'n, No. H-11-1777, 2012 WL 298533, at *2 (S.D. Tex. Feb. 1, 2012) (citing Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, 99 F.3d 746, 752 n.3 (5th Cir. 1996)). A request for declaratory relief cannot form the basis of an independent cause of action. See id. at *1. Since no viable causes of action remain, Wilmington's request for declaratory judgment is subject to dismissal as well.

Wilmington filed an Opposition to Motion to Dismiss. Her primary argument is that Nationstar failed to comply with Texas Property Code requirements in noticing the Trustee's Sale.[43] She argues that "there was no street address on the notice of trustee sale or notice appointment of substitute trustee sent by NATIONSTAR."[44] However, the Notice of Trustee's Sale contains the

---

[42]To the extent the Amended Petition asserts a cause of action for slander of title (see Amended Petition at 33) or "making false claims" (id. at 30), it fails to provide any facts that could support a plausible claim for relief.

[43]See Opposition to Motion to Dismiss, Docket Entry No. 19, pp. 2-3, 4-5. Wilmington also makes numerous arguments regarding standing. As the Motion to Dismiss does not challenge Wilmington's standing, the court will not address her arguments.

[44]See Opposition to Motion to Dismiss, Docket Entry No. 19, p. 5. This instrument contains numerous citations to "RR Vol. 3" with
(continued...)

street address of Nationstar as noteholder and of the substitute trustee, c/o Shapiro Schwartz, LLP.[45] Wilmington's arguments do not point out factual allegations in the Amended Petition that state a plausible claim for relief.[46] See Iqbal, 129 S. Ct. at 1949-50.

### IV. Conclusions and Order

For the reasons stated above, Wilmington's claims against Nationstar will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, Nationstar Mortgage, LLC's Motion to Dismiss and Brief in Support (Docket Entry No. 16) is **GRANTED** and Wilmington's claims against Nationstar Mortgage, LLC are **DISMISSED WITH PREJUDICE**.

Because the court has granted Nationstar's Motion to Dismiss (Docket Entry No. 16), Nationstar Mortgage, LLC's Motion to Quash and for Stay of Discovery (Docket Entry No. 18) is **DENIED AS MOOT**.

**SIGNED** at Houston, Texas, on this 2nd day of DECEMBER, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[44](...continued)
a page number. It is unclear what Plaintiff is citing to.

[45]See Notice of Trustee's Sale, Exhibit D to Amended Petition, Exhibit B-4 to Notice of Removal, Docket Entry No. 1-2, p. 52. Brian Middleton is listed as substitute trustee with several names crossed through with pen under his, including Leb Kemp's.

[46]Further, the court need not address claims not properly included in the complaint and raised for the first time in response to a motion to dismiss. See Water Dynamics, Ltd. v. HSBC Bank USA Nat. Ass'n, 2012 WL 34252, at *9 (N.D. Tex. Jan. 6, 2012).